IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GILBERT MEDRANO AND PETER ANTHONY GONZALES,** | § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. 3:21-cv-2918** |
| vs. | § § § | |
| **TRUE VALUE COMPANY, L.L.C.,** | § § § | |
| **Defendant.** | § § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331, 1441 and 1446, Defendant True Value Company, L.L.C. ("Defendant") gives notice that it is removing this civil action from the County Court at Law of Navarro County, Texas (the "State Court Action") to the United States District Court for the Northern District of Texas, Dallas Division. Removal is based on the existence of federal question jurisdiction, and to support its Notice of Removal, Defendant states:

### I.
### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. Plaintiffs Gilbert Medrano and Peter Anthony Gonzales ("Plaintiffs") filed their Original Petition ("Petition") in the County Court at Law of Navarro County, Texas, on October 28, 2021. *See* **Exhibit 1**, APP. 001-007. The date of service was November 1, 2021. Removal is proper to this federal district and division because it embraces Navarro County, Texas. *See* 28 U.S.C. §§ 124(a)(1) & 1446(a). This Notice of Removal is timely because it has been filed within thirty days after Defendant received a copy of Plaintiffs' Petition.

2. In accordance with 28 U.S.C. § 1446(a), the concurrently filed Appendix is incorporated herein and contains true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action to date. *See* **Exhibits 1 through 6**, APP 001-023.

3. Defendant will also file a Corporate Disclosure Statement that complies with FED. R. CIV. P. 7.1.

4. Defendant will provide prompt written notice of the filing of this Notice of Removal to Plaintiffs and will file a copy of it with the Navarro County Clerk.

## II.
## BASIS FOR FEDERAL JURISDICTION

5. 28 U.S.C. § 1441 allows for the removal of any civil action in a state court over which the district courts of the United States have original jurisdiction. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Removal of this case is based upon claims arising under federal law and involve federal questions because Plaintiffs bring claims under the Age Discrimination in Employment Act ("ADEA"). Accordingly, because Plaintiffs pursue a cause of action under a federal statute, this Court is vested with original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Additionally, the Court has supplemental jurisdiction over Plaintiffs' remaining claims brought under Texas state law because they are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367; *Clewis v. Medco Health Solutions, Inc.*, 578 F. App'x. 469, 470, 472 (5th Cir. 2014) (affirming denial of remand motion where movant brought discrimination claims under ADA and state anti-discrimination statute as those claims arose from

the same set of facts). For this reason, this case may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

7. Removal is proper under 28 U.S.C. § 1331, 1441 and 1446 because Plaintiffs plead federal question causes of action under the ADEA, a federal statute.

## III.
## PRAYER

This Court is vested with original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiffs pursue a cause of action under a federal statute. Thus, removal of this action is proper. Accordingly, Defendant respectfully requests that this Court assume jurisdiction over this action and proceed with handling this action as if it was filed initially in the United States District Court for the Northern District of Texas, Dallas Division.

Dated:  November 22,  2021                                    Respectfully submitted,

                                                        */s/ Jeremy W. Hawpe*
                                                        Jeremy W. Hawpe
                                                        Texas State Bar No. 24046041
                                                        Alyssa M. Peterson
                                                        Texas State Bar No. 24123836
                                                        LITTLER MENDELSON, P.C.
                                                        2001 Ross Avenue
                                                        Suite 1500, Lock Box 116
                                                        Dallas, TX  75201-2931
                                                        214.880.8100 (Telephone)
                                                        214.880.0181 (Facsimile)
                                                        jhawpe@littler.com
                                                        apeterson@littler.com

                                                        ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      On November 22, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas and electronically served same, using the Case Management/Electronic Case Filing (CM/ECF) system of the Court, which will send a notice of electronic filing to the following counsel of record:

    Michael L. Scanes
    Joel S. Shields
    Scanes Routh & James LLP
    7903 Fish Pond Road Suite 200
    PO Box 20965
    Waco, TX 76702-0965
    scanes@scanesrouth.com
    shields@scanesrouth.com

    *Attorneys for Plaintiffs*

                                                         */s/ Jeremy W. Hawpe*
                                                         Jeremy W. Hawpe