**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GILBERT MEDRANO AND PETER ANTHONY GONZALES,** | § § § | |
| **Plaintiffs,** | § § | |
| | § | **CIVIL ACTION NO. 3:21-cv-2918** |
| **vs.** | § § | |
| **TRUE VALUE COMPANY, L.L.C.,** | § § § | |
| **Defendant.** | § § § § | |

<u>**APPENDIX IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**</u>

COMES NOW, Defendant True Value Company, L.L.C. ("Defendant"), and submits the following evidence in support of its Notice of Removal:

| NO. | DATE | DOCUMENT | APP. NO. |
|---|---|---|---|
| 1 | 10/28/2021 | Original Petition | APP. 001-07 |
| 2 | 10/28/2021 | Citation Request | APP. 008 |
| 3 | 10/28/2021 | Citation | APP. 009-10 |
| 4 | 11/10/2021 | Citation Return | APP. 011-14 |
| 5 | 11/19/2021 | Defendant's Original Answer | APP. 015-22 |
| 6 | Last visited on 11/19/2021 | County Court at Law Docket Sheet | APP. 023 |

Dated:  November 22, 2021                    Respectfully submitted,


                                             /s/ Jeremy W. Hawpe
                                               Jeremy W. Hawpe
                                               Texas State Bar No. 24046041
                                               Alyssa M. Peterson
                                               Texas State Bar No. 24123836
                                               LITTLER MENDELSON, P.C.
                                               2001 Ross Avenue
                                               Suite 1500, Lock Box 116
                                               Dallas, TX  75201-2931
                                               214.880.8100 (Telephone)
                                               214.880.0181 (Facsimile)
                                               jhawpe@littler.com
                                               apeterson@littler.com

                                             ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

On November 22, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas and electronically served same, using the Case Management/Electronic Case Filing (CM/ECF) system of the Court, which will send a notice of electronic filing to the following counsel of record:

        Michael L. Scanes
        Joel S. Shields
        Scanes Routh & James LLP
        7903 Fish Pond Road Suite 200
        PO Box 20965
        Waco, TX 76702-0965
        scanes@scanesrouth.com
        shields@scanesrouth.com

        *Attorneys for Plaintiffs*


                                             /s/ Jeremy W. Hawpe
                                               Jeremy W. Hawpe


4861-1651-4052.1 / 113412-1002


**APPENDIX IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL – Page 2**

# EXHIBIT 1

Filed: 10/28/2021 1:46 PM
Joshua B. Tackett
District Clerk
Navarro County, Texas
By M Cranston Deputy

NO. C21-30096-CV

| | | |
|---|---|---|
| GILBERT MEDRANO and<br>PETER ANTHONY GONZALES | )( | IN THE DISTRICT COURT |
| | | Navarro County - District Clerk County Court at Law |
| v. | )( | NAVARRO COUNTY, TEXAS |
| TRUE VALUE<br>COMPANY, L.L.C. | )( | ~~13TH JUDICIAL DISTRICT~~ |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

NOW COMES Plaintiffs, GILBERT MEDRANO and PETER ANTHONY GONZALES, complaining of TRUE VALUE COMPANY, L.L.C., and files this Plaintiff's Original Petition alleging the following:

### I. Nature of the Case

1. Plaintiffs Gilbert Medrano and Peter Anthony Gonzales bring this action under Chapter 21 of the *Texas Labor Code* (Chapter 21), TEX. LAB. CODE § 21.051, *et. seq.*, and the Federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, for the unlawful employment practices committed by Defendant True Value Company, L.L.C. against Plaintiffs because of their age.

### II. Parties and Service of Process

2. Plaintiff, Gilbert Medrano, is an individual who resides in Navarro County, Texas.

3. Plaintiff, Peter Anthony Gonzales, is an individual who resides in Navarro County, Texas.

APP. 001

4.     Defendant, True Value Company, L.L.C., is a company doing business in the State of Texas and may be served with citation by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

### III.  Jurisdiction & Venue

5.     This Court is a court of general jurisdiction and has authority to hear the claims in this case. Venue is proper in Navarro County because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims and causes of action occurred in Navarro County, Texas.

### IV.  Factual Background

6.     Both Medrano and Gonzales were employees of True Value Company, L.L.C. ("True Value"), working at True Value's Distribution Center in Corsicana, Navarro County, Texas.

7.     Gonzales is 64 years of age. He worked for True Value for 36 years.

8.     Medrano is 55 years of age. He worked for True Value for 34 ½ years.

9.     Both Gonzales and Medrano were good, experienced employees and received good performance reviews during their employment.

10.     In the weeks and months preceding Gonzales' termination, managers at True Value asked him on several occasions when he planned to retire and were pressuring him to retire. Gonzales observed during this same time that True Value hired many younger employees.

11.     Prior to Medrano's termination, managers at True Value made comments to Medrano that he was getting too old. Medrano also observed the trend

-2-

of True Value hiring new, younger employees.

12.     On September 1, 2020, True Value terminated Gonzales' employment. True Value claimed Gonzales was terminated because he allegedly failed to report an accident. This is false and is a pretext for discrimination. Gonzales had lightly bumped a pallet on his forklift against an old, out-of-use floor sweeper, which did not cause any damage. He did this to straighten the old pallet on his forklift. This was routinely done by Gonzales and the other warehouse employees because the pallets that True Value provided were old and in poor condition. Management was fully aware that this was the common practice in the warehouse. Further, True Value failed to follow its graduated discipline policy as Gonzales was not given any warning prior to his termination.

13.     Approximately ninety days later, on December 1, 2020, True Value terminated Medrano's employment. True Value claimed that Medrano came to work knowing he had COVID-19, which is false. Medrano had no symptoms when he arrived at work on the morning of November 25, and a representative of True Value took his temperature and waved him into work. Medrano also wore a mask. *After* the workday concluded, Medrano began feeling sick. He subsequently tested positive for COVID-19 and immediately notified True Value and did not return to the workplace. While in quarantine, True Value discharged Medrano.

14.     Based on information and belief, Medrano and Gonzales were replaced by much younger individuals.

## V. Causes of Action

*Violations of the Texas Labor Code & ADEA (Age)*

15.     Chapter 21 of the *Texas Labor Code* and the ADEA prohibit discrimination on the basis of age. TEX. LAB. CODE § 21.051; 29 U.S.C.§ 621, *et seq.* True Value's actions constitute age discrimination in violation of Chapter 21 and the ADEA. True Value made ageist comments to Medrano and pressured Gonzales to retire because of his age. True Value also began hiring many younger employees.

16.     True Value discharged Medrano and Gonzales. Medrano was 54 and Gonzales was 63 at the time of their respective discharge, putting both within the protected class. Both Plaintiffs were qualified to do the job from which they were discharged. And Plaintiffs were replaced by someone outside the protected class or someone sufficiently younger, or otherwise able to show that they were discharged because of their age. Further, True Value does not have a legitimate, non-discriminatory reason for discharging Plaintiffs.

## VI. Damages

17.     As a result of the above, Plaintiffs have lost past and future wages and benefits of employment. Plaintiffs have also suffered compensatory damages in the past and will likely suffer compensatory damages in the future because of the Defendant's conduct including, but not limited to, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

18.     Plaintiffs seek recovery of exemplary damages under Chapter 21. Plaintiffs also seek recovery of liquidated damages under the ADEA.

-4-

19.    The damages sought by Ford are within the jurisdictional limits of this Court. Pursuant to Rule 47, TEX. R. CIV. P., Plaintiff Medrano seeks monetary relief over $250,000 but not more than $1,000,000. Pursuant to Rule 47, TEX. R. CIV. P., Plaintiff Gonzales seeks monetary relief over $250,000 but not more than $1,000,000.

## VII. <u>Attorneys' Fees</u>

20.    Plaintiffs have had to employ attorneys to vindicate their rights under the law, and therefore, they seek reasonable and necessary attorneys' fees and costs under Chapter 21 and the ADEA.

## VIII. <u>Administrative Prerequisites</u>

19.    All conditions precedent to this suit have been performed or have occurred, including exhausting all required administrative remedies.

## IX. <u>Demand for Jury Trial</u>

20.    Plaintiffs hereby respectfully demand a trial by jury of all claims and issues in this cause.

WHEREFORE, Plaintiff, GILBERT MEDRANO, and Plaintiff, PETER ANTHONY GONZALES, respectfully request that the Court issue citation for Defendant, TRUE VALUE COMPANY, L.LC., to appear and answer, and that upon final trial, Plaintiffs have and recover a judgment against Defendant for all actual damages suffered and/or incurred by Plaintiffs, for pre-judgment and post-judgment interest at the highest rates allowed by law, for court costs, attorneys' fees, exemplary damages, liquidated damages, and for all other relief to which Plaintiff may be justly entitled.

APP. 005

Respectfully submitted,

/s/ Michael L. Scanes
Michael L. Scanes
State Bar No. 17701000
scanes@scanesrouth.com
Joel S. Shields
State Bar No. 24041907
shields@scanesrouth.com
SCANES & ROUTH, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 (FAX)

ATTORNEYS FOR PLAINTIFFS

APP. 006

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dana Scanes on behalf of Michael Scanes
Bar No. 17701000
dscanes@scanesrouth.com
Envelope ID: 58632659
Status as of 10/28/2021 2:10 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dana Scanes | | dscanes@scanesrouth.com | 10/28/2021 1:46:26 PM | SENT |
| Susan Eskew | | eskew@scanesrouth.com | 10/28/2021 1:46:26 PM | SENT |
| Michael LScanes | | scanes@scanesrouth.com | 10/28/2021 1:46:26 PM | SENT |
| Joel SShields | | shields@scanesrouth.com | 10/28/2021 1:46:26 PM | SENT |

# EXHIBIT 2

Filed: 10/28/2021 1:46 PM
Joshua B. Tackett
District Clerk
Navarro County, Texas
By M Cranston Deputy

C21-30096-CV

## S&R

# SCANES & ROUTH
A LIMITED LIABILITY PARTNERSHIP
www.scanesrouth.com

Mike Scanes
James H. "Bo" Routh
Ben Yelverton
Joel Shields
Tyler Talbert

Bridgeview Center, St. 200
7901 Fish Pond Road
P. O. Box 20965
Waco, Texas 76702-0965
Phone: (254) 399-8788
Fax: (254) 399-8780

October 28, 2021

**VIA: E-file**
Mr. Joshua B. Tackett
District Clerk
Navarro County, Texas

Re:     *Gilbert Medrano and Peter Anthony Gonzales v. True Value Company, L.L.C. -*
        *Request for Issuance of Citation*

Dear Mr. Tackett:

Please issue a Citation in this case for the following Defendant:

> **True Value Company, L.L.C**
> By serving its registered agent,
> Corporation Service Company d/b/a
> CSC-Lawyers Incorporating Service Company
> 211 E. 7th Street, Suite 620
> Austin, Texas 78701-3196

Please send the completed Citation to dscanes@scanesrouth.com for personal service of process.

Sincerely,

SCANES & ROUTH, LLP

Dana Scanes, Paralegal

APP. 008

# EXHIBIT 3

## CITATION

### STATE OF TEXAS

Cause No. **C21-30096-CV**

Gilbert Medrano and                                    COUNTY COURT AT LAW
Peter Anthony Gonzales                              NAVARRO COUNTY, TEXAS
vs
TRUE VALUE COMPANY, L.L.C.
TO:   True Value Company, L.L.C
        211 E 7th Street
        Suite 620
        Austin TX 78701

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find more information at TexasLawHelp.org"** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable Amanda Putman of County Court at Law at Navarro County, at the Courthouse in said County in Corsicana, Texas. Said Plaintiff's Petition was filed in said court on October 28, 2021 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Corsicana Texas this 28th day of October, 2021.

| **ATTORNEY FOR PLAINTIFF** | **CLERK OF THE COURT** |
|---|---|
| MICHAEL L. SCANES | JOSHUA B. TACKETT |
| SCANES ROUTH & JAMES LLP | 300 W. 3RD AVE, STE. 201 |
| 7901 FISH POND ROAD SUITE 200 | CORSICANA, TX. 75110 |
| PO BOX 20965 | NAVARRO COUNTY, TEXAS |
| WACO TX 76702-0965 | |



**PLAINTIFF NAME**
Gilbert Medrano

Peter Anthony Gonzales

By _mglyanston_, DEPUTY

APP. 009

---

### OFFICER'S RETURN

CAUSE #:  C21-30096-CV

Came to hand on the _____ day of _____ 20___ at _____ o'clock ___. M. and executed the _____ day of _____ 20___ by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on _____ day of _____ 20___ at _____ o'clock ___. M. at _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being
_____
_____

[ ] Information received as to the whereabouts of defendant being
_____
_____

Fees ........... $_____       _____ Sheriff / Constable / District Clerk

_____ County, Texas

By_____, Deputy

** Service by Rule 106 TRC if directed by attached Court Order

---

### Complete if you are a person other than a sheriff, constable, or clerk of the court.

My name is _____, my date of birth is _____, and my address is
_____
_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.


_____
Declarant/Authorized Process Server


_____
(ID # & Expiration of Certification)

# EXHIBIT 4

Filed: 11/10/2021 10:20 AM
Joshua B. Tackett
District Clerk
Navarro County, Texas
By Yolanda Medrano Deputy

## CITATION

### STATE OF TEXAS

### Cause No.  **C21-30096-CV**

Gilbert Medrano and                                                 COUNTY COURT AT LAW
Peter Anthony Gonzales                                      NAVARRO COUNTY, TEXAS
vs
TRUE VALUE COMPANY, L.L.C.
TO:    True Value Company, L.L.C
          211 E 7th Street
          Suite 620
          Austin TX  78701

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find more information at TexasLawHelp.org"**  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable Amanda Putman of County Court at Law at Navarro County, at the Courthouse in said County in Corsicana, Texas. Said Plaintiff's Petition was filed in said court on October 28, 2021 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Corsicana Texas this 28th day of October, 2021.

| ATTORNEY FOR PLAINTIFF | | CLERK OF THE COURT |
|---|---|---|
| MICHAEL L. SCANES | | JOSHUA B. TACKETT |
| SCANES ROUTH & JAMES LLP | | 300 W. 3ᴿᴰ AVE, STE. 201 |
| 7901 FISH POND ROAD SUITE 200 |  | CORSICANA, TX. 75110 |
| PO BOX 20965 | | NAVARRO COUNTY, TEXAS |
| WACO TX  76702-0965 | | |
| | | |
| **PLAINTIFF NAME** | | By _*mglanston*_ _, DEPUTY |
| Gilbert Medrano | | |
| Peter Anthony Gonzales | | |

## OFFICER'S RETURN

CAUSE #:  C21-30096-CV

Came to hand on the _____ day of _____ 20___ at _____ o'clock ___. M. and executed the _____ day of _____ 20___ by delivering to defendant _____ in person,  a true copy of this citation with a copy of the petition attached thereto on _____ day of _____ 20___ at _____ o'clock ___. M. at _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being _____
_____
_____

[ ] Information received as to the whereabouts of defendant being _____
_____
_____

Fees ……….. $_____      _____ Sheriff / Constable / District Clerk

_____ County, Texas

By _____, Deputy

** Service by Rule 106 TRC if directed by attached Court Order

### Complete if you are a person other than a sheriff, constable, or clerk of the court.

My name is _____, my date of birth is_____, and my address is _____
_____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

*See Attached Return of Service*

_____
Declarant/Authorized Process Server

_____
(ID # & Expiration of Certification)

APP. 012

# NAVARRO County Court at Law, Texas

Cause No.  C21-30096-CV

**Gilbert Medrano and Peter Anthony Gonzales**

*Plaintiff.*

**True Value Company, L.L.C.**

*Defendant.*

## AFFIDAVIT OF SERVICE
Corporation/Business

I, **John J. Donohoe**, make statement to the fact, that I am a competent person more than 18 years of age or older and not a party to this action nor interested in the outcome of this suit. I am a certified private process server authorized by the Judicial Branch Certification Commission of Texas and remain in good standing. I received the document(s) stated below on **10/28/2021** at **4:31 PM** instructing for same to be delivered upon: **True Value Company, L.L.C. by serving its Registered, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**

| | |
|---|---|
| That I delivered to: | True Value Company, L.L.C. by serving its Registered, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company |
| At the address of: | 211 E. 7th Street, Suite 620, Austin, TX 78701 located in the County of  Travis |
| On this date and time: | 11/01/2021 at 1:02 PM |
| In the manner: | by personally delivering the document(s) to the AUTHORIZED PERSON, Evie Lichtenwalter, Authorized Agent to Accept Service of Process . |
| The following document(s): | Citation; Plaintiff's Original Petition |

**Comments:**

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing paper are true, correct, and within my personal knowledge.

John J. Donohoe: PSC-8998; Exp. 9/30/2023

SUBSCRIBED AND SWORN TO BY John J. Donohoe on this ___9___ day of ___Nov___, 2021, to attest witnesses my hand and seal of office.

Notary Public, State of Texas

Service Fee  $ 60.00

SCANES & ROUTH, LLP
Job ID# 2102435
Ref#

RACHEL STREIT
Notary Public, State of Texas
Comm. Expires 03-22-2025
Notary ID 129361983

APP. 013

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 59029256
Status as of 11/10/2021 10:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joel SShields | | shields@scanesrouth.com | 11/10/2021 10:20:26 AM | SENT |
| Michael LScanes | | scanes@scanesrouth.com | 11/10/2021 10:20:26 AM | SENT |
| Susan Eskew | | eskew@scanesrouth.com | 11/10/2021 10:20:26 AM | SENT |
| Dana Scanes | | dscanes@scanesrouth.com | 11/10/2021 10:20:26 AM | SENT |

# EXHIBIT 5

Filed: 11/19/2021 11:16 AM
Joshua B. Tackett
District Clerk
Navarro County, Texas
By Ben Vinson Deputy

**CAUSE NO. C21-30096-CV**

| | | |
|---|---|---|
| GILBERT MEDRANO AND PETER ANTHONY GONZALES, | § § § | IN THE COUNTY COURT AT LAW OF |
| Plaintiffs, | § § | |
| v. | § § | NAVARRO COUNTY, TEXAS |
| TRUE VALUE COMPANY, L.L.C., | § § § | |
| Defendant. | § § § | |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW, True Value Company, L.L.C. ("Defendant"), Defendant in the above entitled and numbered cause of action, and files its Original Answer to Plaintiffs' Original Petition ("Petition") and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every material allegation contained in the Petition and requests that the Court require strict proof thereof by a preponderance of the evidence, as required by the Constitution and the laws of Texas.

### II.
### AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the foregoing General Denial, and pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following Affirmative Defenses in response to the allegations raised by Plaintiffs. Defendant undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Further, Defendant does not waive any additional or further defenses as may

**DEFENDANT'S ORIGINAL ANSWER – Page 1**

be revealed during discovery or otherwise and expressly reserves the right to amend this Answer if additional defenses, counterclaims, or third-party claims become apparent through the course of this action.  To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pleaded in the alternative.

<strong>FIRST DEFENSE</strong>

Defendant pleads that Plaintiffs have failed to state, in whole or in part, a claim upon which relief may be granted.

<strong>SECOND DEFENSE</strong>

Defendant alternatively pleads that Plaintiffs were at-will employees, as that term is defined under the common law of Texas, and that Defendant or the Plaintiffs could terminate the employment relationship at any time for any reason not specifically prohibited by state or federal law and with or without cause.

<strong>THIRD DEFENSE</strong>

Defendant alternatively pleads that the employment actions about which Plaintiffs separately complain, if any, were taken in good faith for reasons other than Plaintiffs' age or any other alleged protected status held by Plaintiffs.  Specifically, the employment actions complained of by Plaintiffs were based upon legitimate, non-discriminatory, and non-pretextual reasons.

<strong>FOURTH DEFENSE</strong>

Defendant maintains strong, officially promulgated and user-friendly policies and procedures against discrimination, harassment and retaliation to prevent and promptly correct any such behavior. To the extent either Plaintiff was the victim of any discrimination as alleged in the Petition, which Defendant expressly denies, Plaintiffs unreasonably failed to take advantage of

any preventative and/or corrective opportunities and procedures provided to them by Defendant or to otherwise avoid the harm they allegedly suffered.

### FIFTH DEFENSE

Defendant alternatively pleads that Plaintiffs claims are barred, in whole or in part, to the extent Plaintiffs failed to mitigate their alleged damages, if any.  If  Plaintiffs have mitigated their alleged damages, Defendant is entitled to an equivalent offset.

### SIXTH DEFENSE

To the extent that Plaintiffs have suffered any damages and/or losses, such damages and/or losses were the result of Plaintiffs' own conduct and/or omissions.

### SEVENTH DEFENSE

If a fact finder determines any unlawful reason as prescribed by statute was a motivating factor in any employment decision concerning Plaintiffs, which Defendant expressly denies, Defendant would have nonetheless made the same employment decision in the absence of the impermissible motivating factor.

### EIGHTH DEFENSE

Defendant alternatively pleads that Plaintiffs' claims for damages and other relief are subject to and limited by all applicable statutory caps and limitations on such damages.

### NINTH DEFENSE

Defendant alternatively pleads that Plaintiffs' claims are barred, or their recovery should be offset, by the after-acquired evidence doctrine, if applicable.

## TENTH DEFENSE

Defendant's actions regarding Plaintiffs were not taken with malice or reckless indifference to Plaintiffs' rights and were not in willful disregard of the law.  Therefore, Plaintiffs are not entitled to punitive, exemplary or liquidated damages.

## ELEVENTH DEFENSE

Plaintiffs cannot recover punitive damages for any alleged discrimination because any such alleged discriminatory conduct is contrary to Defendant's good faith efforts to comply with anti-discrimination laws.

## TWELFTH DEFENSE

To the extent Plaintiffs seeks claims for exemplary damages, such damages are unconstitutional and/or unavailable.

## THIRTEENTH DEFENSE

To the extent that any of the individuals alleged to have discriminated against Plaintiffs engaged in any of the conduct described in Plaintiffs' Petition, which Defendant expressly denies, Defendant alternatively pleads that such actions were outside the scope of their employment, were contrary to policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.

## FOURTEENTH DEFENSE

Defendant at all times acted in good faith to comply with all state and federal laws, and with reasonable grounds to believe that Defendant's actions did not violate the statutes cited in the Petition, and Defendant asserts a lack of willfulness or intent to violate the statutes cited in the Petition as a defense to any claim by Plaintiff for liquidated or exemplary damages.

## FIFTEENTH DEFENSE

Plaintiffs' claims are limited to only those claims alleged within each of their predicate charges of discrimination.

## SIXTEENTH DEFENSE

To the extent Plaintiffs complain of acts or conduct that are not included in each of their charges of discrimination, Plaintiffs claims may be barred, in whole or in part, by Plaintiffs' failure to timely exhaust administrative remedies against Defendant and/or satisfy their conditions precedent.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent either Plaintiff failed to timely file his charge of discrimination.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## NINETEENTH DEFENSE

Plaintiffs' claims are misjoined in this action and/or severing of the Plaintiffs' claims is necessary to ensure that Defendant receives a fair trial, if any.

\* \* \*

Defendant reserves the right to file and serve additional defenses as appropriate.

## III.
## REQUEST FOR DISCLOSURES

Pursuant to Texas Rule of Civil Procedure 194, Defendant requests that Plaintiffs disclose, within thirty (30) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

# IV.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant True Value Company, L.L.C. respectfully requests that the Court enter judgment that Plaintiffs take nothing by their suit, and that Defendant be awarded its costs, attorneys' fees, expenses, and all other legal and equitable relief to which it may be entitled to recover.

Dated:  November 19, 2021                    Respectfully submitted,


                                             /s/ Jeremy W. Hawpe
                                             Jeremy W. Hawpe
                                             Texas State Bar No. 24046041
                                             Alyssa M. Peterson
                                             Texas State Bar No. 24123836
                                             LITTLER MENDELSON, P.C.
                                             2001 Ross Avenue
                                             Suite 1500, Lock Box 116
                                             Dallas, TX  75201-2931
                                             (214) 880-8100
                                             (214) 880-0181 (Fax)
                                             jhawpe@littler.com
                                             apeterson@littler.com


                                             ATTORNEYS FOR DEFENDANT
                                             TRUE VALUE COMPANY, L.L.C.

## <u>CERTIFICATE OF SERVICE</u>

On this 19th day of November 2021, I electronically submitted the foregoing document with the Clerk of Court for Navarro County, Texas, via an Electronic Filing Service Provider (EFSP).  Said document was also electronically served and service completed via EFSP with Notification of Service sent to the following attorneys of record:

> Michael L. Scanes
> Joel S. Shields
> Scanes Routh & James LLP
> 7903 Fish Pond Road Suite 200
> PO Box 20965
> Waco, TX 76702-0965
> scanes@scanesrouth.com
> shields@scanesrouth.com

> *Attorneys for Plaintiffs*

*/s/ Jeremy W. Hawpe*

4890-0268-9795.2 / 113412-1002

**DEFENDANT'S ORIGINAL ANSWER – Page 7**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 59330470
Status as of 11/19/2021 11:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joel SShields | | shields@scanesrouth.com | 11/19/2021 11:16:58 AM | SENT |
| Michael LScanes | | scanes@scanesrouth.com | 11/19/2021 11:16:58 AM | SENT |
| Susan Eskew | | eskew@scanesrouth.com | 11/19/2021 11:16:58 AM | SENT |
| Dana Scanes | | dscanes@scanesrouth.com | 11/19/2021 11:16:58 AM | SENT |
| Jeremy W.Hawpe | | jhawpe@littler.com | 11/19/2021 11:16:58 AM | SENT |
| Alyssa M.Peterson | | apeterson@littler.com | 11/19/2021 11:16:58 AM | SENT |

Associated Case Party: True Value Company, L.L.C

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeremy W.Hawpe | | jhawpe@littler.com | 11/19/2021 11:16:58 AM | SENT |
| Alyssa M.Peterson | | apeterson@littler.com | 11/19/2021 11:16:58 AM | SENT |

# EXHIBIT 6

11/19/21, 5:09 PM                    https://txnavarroodyprod.tylerhost.net/PublicAccess/CaseDetail.aspx?CaseID=268440

Case 3:21-cv-02918-X   Document 2   Filed 11/22/21   Page 31 of 31   PageID 40
Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                    Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. C21-30096-CV

| | | | | | |
|---|---|---|---|---|---|
| Gilbert Medrano and Peter Anthony Gonzales vs TRUE VALUE COMPANY, L.L.C. | § § § § § | | Case Type: | **All Other Civil Cases** | |
| | | | Date Filed: | **10/28/2021** | |
| | | | Location: | **County Court at Law** | |

---

### PARTY INFORMATION

|  |  |  |
|---|---|---|
| | | **Lead Attorneys** |
| **Plaintiff** | **Gonzales, Peter Anthony** | **MICHAEL L. SCANES** |
| | | *Retained* |
| | | 254-399-8788(W) |
| | | |
| **Plaintiff** | **Medrano, Gilbert** | **MICHAEL L. SCANES** |
| | | *Retained* |
| | | 254-399-8788(W) |
| | | |
| **Respondent** | **N/A, N/A** | |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 10/28/2021 | **Original Petition (Civil and Family)** |
| 10/28/2021 | **Citation Request** |
| 10/28/2021 | **Citation** |
| | *ISSD TRUE VALUE COMPANY, LLC, EFILED ATTY & dscanes@scanesrouth.com* |
| 11/10/2021 | **Citation Return** |
| | *11/01/21 @ 1:02 PM* |
| 11/19/2021 | **Answer** |
| | *Defendant's Original Answer* |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Medrano, Gilbert | | | |
| Total Financial Assessment | | | 280.00 |
| Total Payments and Credits | | | 280.00 |
| **Balance Due as of 11/19/2021** | | | **0.00** |
| | | | |
| 10/28/2021 | Transaction Assessment | | 280.00 |
| 10/28/2021 | eFile Payment | Receipt # DC-180759 | Medrano, Gilbert | (280.00) |

**APP. 023**